| | |
|---|---|
| **From:** | HONEA, TANNER |
| **Sent:** | Tuesday, July 11, 2023 1:57 PM |
| **To:** | DeOrchis, Vincent M. |
| **Cc:** | KARPOUSIS, JOHN; PALLAY, MATTHEW |
| **Subject:** | GRANDE COSTA D'AVORIO: Litigation Hold |
| **Attachments:** | Ltr Grimaldi, Litigation Hold.pdf; Annex A.pdf |

Dear Vince,

We represent American Maritime Services of New York ("AMS") regarding stevedoring services provided to the M/V GRANDE COSTA D'AVORIO on July 5 when a fire occurred on the vessel. We understand you have been retained by the vessel owner regarding this incident, and we therefore direct the attached correspondence to you. If our understanding is incorrect, or there is someone else we should direct this to, please let us know.

As indicated in the letter, we ask that the Vessel and Vessel Owner protect and preserve all documents, data, and ESI related to this incident in anticipation of future litigation. We also look forward to receiving copies of the documents and data identified in the letter at your soonest convenience.

Please contact us with any questions.

Best regards,

Tanner

**J. TANNER HONEA | FREEHILL HOGAN & MAHAR LLP**
80 Pine Street, 25th Floor, New York, N.Y. 10005-1759
Tel: 212-425-1900 | Direct: 212-381-3010 | Mobile (U.S.): 512-565-2591

WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PETER J. GUTOWSKI
WAYNE D. MEEHAN*
DON P. MURNANE, JR.⸫
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*⸫
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA°⸫
JUSTIN T. NASTRO*
MANUEL A. MOLINA
DANIEL J. FITZGERALD*†⸫
BARBARA G. CARNEVALE*
ERIC J. MATHESON*
MICHAEL D. TUCKER*◊
RYAN BYRNES*
WILLIAM H. YOST*
J. TANNER HONEA*^
YAAKOV U. ADLER
MICHAEL J. DEHART
ADAM DEITZ†
MATTHEW J. PALLAY*

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

_____

CONNECTICUT OFFICE
246 MARGHERITA LAWN
STRATFORD, CT 06615
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

_____

OF COUNSEL
GEORGE B. FREEHILL
PATRICK J. BONNER*
MARK F. MULLER
HILARY K. JONCZAK‡

‡ ADMITTED IN FLORIDA ONLY. PRACTICE
LIMITED TO FEDERAL ADMINISTRATIVE LAW

*  ALSO ADMITTED IN NEW JERSEY
†  ALSO ADMITTED IN CONNECTICUT
⸫  ALSO ADMITTED IN WASHINGTON, D.C.
°  ALSO ADMITTED IN LOUISIANA
◊  ALSO ADMITTED IN PENNSYLVANIA
^  ALSO ADMITTED IN TEXAS

July 11, 2023

**Via EMAIL**
M/V GRANDE COSTA D'AVORIO
and Grimaldi Deep Sea S.P.A. (owner)
c/o Vincent DeOrchis, Esq.
Montgomery McCracken Walker & Rhoads LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 867-9500
vdeorchis@mmwr.com

      Re:    Litigation Hold Letter
                M/V GRANDE COSTA D'AVORIO / IMO No: 9465382
                Fire on or about July 5, 2023

--------------------------------------------------------------------------------

To Grimaldi Deep Sea S.p.A.:

      Our law firm represents American Maritime Services of New York ("AMS"), who provided stevedoring services to the M/V GRANDE COSTA D'AVORIO (the "Vessel") on or about July 5, 2023, when a fire occurred aboard the Vessel (the "Incident"). We understand that both the Vessel and Grimaldi Deep Sea, S.p.A. ("Owner"), may have relevant information regarding the Incident. The guidelines set forth in this letter are standardized and meant to ensure that all interests are best protected.

      We write to respectfully offer this Litigation Hold Letter concerning the above-referenced matter. As you know, the Vessel and Owner are obligated herein to preserve all documents, including electronically stored information ("ESI"), relating to this alleged Incident in anticipation of future litigation.

1

595744.1

Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents and ESI. At a minimum, this means that we must direct the Vessel and Owner to ensure that documents and ESI are preserved, not deleted or otherwise destroyed or made unavailable, **including personal e-mails, texts, cell phone photographs or videos, or any other personal electronic records of employees/crewmembers pertaining to the Incident.**

Any process, procedure or routine concerning the usual deletion, destruction, or disposal of documents and ESI must be suspended, and the Vessel and Owner must take steps to preserve responsive documents and ESI, including giving appropriate instructions to any relevant employees, contractors, members, and associates.

In an effort to ensure that the Vessel and Owner are taking all reasonable and necessary steps to comply with these guidelines, the documents and data in the categories below, whether in hard copy or electronic form, must be duly preserved and retained and cannot be altered, destroyed or discarded for any reason, including, but not limited to:

1. any video footage, CCTV recordings, photos, and the Voyage Data Recorder from July 5, 2023 – present (July 11, 2023) and continuing until the fire is fully extinguished;
2. all memoranda, notes, or log entries regarding the Incident, or relevant preceding or subsequent events;
3. all communications, including e-mails, between the Vessel and Owner and local authorities regarding the Incident, including relevant preceding and subsequent events;
4. all alarm logs, whether electronic or hard copy, including smoke detection alarms, fire alarms, temperature logs, fire suppression system alarms and logs, etc.;
5. all other material identified in Annex A enclosed with this letter.

The preservation requirement also extends to any and all computer system files and accompanying metadata (whether past, present or future) located or contained in (i) free standing or networked computers (ii) mobile devices and digital cameras (iii) servers or devices, whether fixed or removable, that contain data storage capabilities (such as, for example, hard drives/discs, memory sticks, CD/DVDs, back-up tapes), etc.

Please note that the Vessel and Owner has a continuing obligation to retain and preserve documents and ESI referenced herein that may exist now or come into existence after the date of this letter.

Failure to abide by these instructions may result in severe penalties against the Vessel and Owner and could form the basis of legal claims for spoliation. Please also note that discovery sanctions for failing to preserve relevant evidence can result in serious consequences for lawyers and litigants, and include, for example: orders which direct that certain facts be taken as established; the prohibition of the disobedient party from supporting or opposing certain claims or from introducing certain matters into evidence; the striking of pleadings in whole or in part; the dismissal of an action of defenses in the whole or in part; the rendering of a default judgment

against the disobedient party; the imposition of monetary fines on counsel and/or client; the giving of adverse jury instruction; and/or the exclusion of evidence if the court later concludes relevant evidence was destroyed or not otherwise preserved in bad faith. These risks can be avoided or minimized if we work together to ensure the retention and preservation of documents and ESI.

If the Vessel and Owner has any questions about whether something may be relevant, please check with us before deleting it. Open communications will help ensure that all relevant data sources are discovered and retained on a continuing basis. Also, it is important that we follow up on this litigation hold to ensure that it has been implemented properly and is being followed. Accordingly, we would like to set up a time during which we can further discuss the guidelines set forth herein in order to best ensure proper retention and preservation of relevant information, documents and ESI concerning this lawsuit.

Thank you as always for your assistance.

Very truly yours,
FREEHILL HOGAN & MAHAR LLP

J. Tanner Honea

Encl.

cc: John F. Karpousis, Esq.   (FHM)
    Matthew J. Pallay, Esq.   (FHM)
    Blaine R. Payer, Esq.   (FHM)

Annex A

**American Maritime Services of New York's Preliminary Document Request**
**Re: Fire of 05JUL2023 aboard "GRANDE COSTA D'AVORIO"**

Please preserve and provide copies of the following documents and data:

1. Vessel Particulars
2. Capacity Plan
3. Cargo Stow plan
4. Cargo Securing Manual
5. Deck Log for the voyage
6. Engine Logbook for the voyage
7. Official Log for voyage
8. Ventilation Plan
9. Masters Statement of Fact and or Note of Protest
10. Copy of Form USCG 2692 as submitted to U.S. Coast Guard
11. Any written crew statements
12. Communications to/from the vessel concerning the Incident
13. All relevant correspondence between the vessel, owners, operators and/or charterers concerning the Incident
14. Any crew alcohol or drug testing conducted following the casualty
15. Any photos/videos of the location of the fire before the incident, during the incident, and post-incident
16. Safety Officer's report on the incident and log of firefighting efforts.
17. Arrival Crew list
18. Watchkeeping list
19. Certificates of competence from Flag State for all crewmembers
20. Portable firefighting equipment certificates
21. Safety Management Certificate and endorsement.
22. Copy of Safety Management System Manual and other guidance concerning firefighting, incident reporting, and cargo loading
23. Copy of owner and operator manual for fixed fire suppression systems and all portable firefighting equipment;
24. Firefighting checklist and procedures
25. Vessel fire response plan, both in port and at sea
26. Firefighting locker and equipment inventory
27. Records for shipboard firefighting training and drills from February 1, 2023, until present
28. Crew personnel records regarding firefighting training and certifications
29. Document of Compliance and endorsements
30. Hull and machinery certificates
31. Safety Construction Certificate and endorsements as applicable.

595745.1

32. Certificate of Class and endorsements as applicable, including summary of vessel's class certificates and due dates
33. Certificate of Registry
34. Most recent Port State Control Inspection Report
35. Three (3) most recent electric resistance test records, together with details of any deficiencies noted and corrective actions taken
36. Three most recent heat and smoke test alarm results, together with details of any deficiencies noted and corrective actions taken
37. Most recent Service Engineer's inspection report on Fire Detection & Alarm system, including details of any deficiencies found and corrective actions taken.
38. Most recent Service Engineer's inspection report on Fixed Firefighting System, including details of any deficiencies found and corrective actions taken
39. Smoke/heat detectors/fire detection plan, manuals, and data loggers
40. List of data loggers for the cargo holds
41. General Arrangement Drawing *
42. Fixed Firefighting Diagram *
43. Ventilation Diagram *
44. Fire and safety plans
45. Cargo hold alarm logger for June 5, 2023 to present
46. Fire suppression system alarm logger for June 5, 2023 to present
47. VDR for the maximum recorded time before and after discovery of the fire.
48. Cargo hold log for June 5, 2023 to present
49. Cargo hold maintenance and repair records for June 5, 2023 to present
50. Owner's manual, operation manual, and any maintenance manual for all fire suppression systems and equipment in cargo hold
51. Circulars, guidelines and procedures relating to fire suppression system and equipment in the cargo hold
52. Preventative Maintenance System, inspection, testing, and repair records for the cargo hold smoke detectors, heat detectors, firefighting equipment, CO2 system, Halon, and all portable firefighting equipment
53. Copy of most recent certification of fire suppression systems, including, but not limited to, CO2, Halon, and foam
54. SMS cargo loading guidelines and procedures
55. All photos and/or video recordings of the fire by crewmembers, ship's CCTV, or other sources

Note:
  * Items to be provided in electronic pdf format if available, otherwise "to scale" printed copies to be provided.

The foregoing list is preliminary, and as such, AMS reserves the right to request additional documentation as considered necessary during subsequent interviews and inspections.

595745.1