UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF AMERICAN MARITIME SERVICES OF NEW YORK TO PRESERVE EVIDENCE IN AID OF ANTICIPATED LITIGATION PURSUANT TO RULE 27 FED. R. CIV. P. | 23-cv-_____<br><br>**DECLARATION OF ADAM GOODMAN IN SUPPORT OF VERIFIED PETITION TO PRESERVE EVIDENCE PURSUANT TO RULE 27 FED. R. CIV. P.** |

I, Adam Goodman, declare:

1.     I am a Fire Protection Engineer and Fire Investigator with over fifteen (15) years of experience in the investigation and analysis of fire and explosion incidents, fire-related deaths, and incidents involving fire protection and life-saving systems. I obtained an MSc and BSc in Fire Protection Engineering from the University of Maryland. I am a licensed professional engineer in Fire Protection in Maryland and Texas, and currently hold a number of professional certifications, including Certified Fire Protection Specialist, Certified Fire Investigator, Certified Fire and Explosion Investigator, and Certified Vehicle Fire Investigator, in addition to certifications in firefighting, rescue, hazardous materials and emergency medical services. I am also a member of the local and international chapters of the International Association of Arson Investigators, National Association of Fire Investigators, and the National Fire Protection Association. Prior to becoming a Fire Investigator, I worked as a Staff Engineer for Combustion Science & Engineering, Inc., where I spent five (5) years conducting investigations and analyses of residential, commercial, and industrial fires. I have also been an active firefighter for

nearly twenty (20) years, having previously held the rank of Captain of the Pikesville Volunteer Fire Company. I am also currently a Senior Fire Protection Engineer and Fire Investigator for SEA, Ltd. Throughout my career, I have been involved with fire investigations across multiple industries, including fires on marine vessels.

2. I am over the age of 18 and have personal knowledge of the matters set forth in this declaration unless otherwise stated.

3. I was retained by American Maritime Services of New York ("AMS") to assist in the investigation related to the fire that reportedly occurred onboard the M/V GRANDE COSTA D'AVORIO (the "Vessel") on or about July 5, 2023. The purpose of my investigation is to ascertain the effectiveness of the Vessel's fixed and portable fire suppression system, the efficacy of the fire suppression system's design and functionality, and the effectiveness of the Vessel's fixed system and crew use of portable equipment. I understand that AMS provided stevedoring services to Ports America, the operator of the Port of Newark terminal at which the vessel was docked, to facilitate in loading cargo onto the vessel. As I have observed, the fire caused severe and pervasive damage to the bridge and multiple decks on the vessel.

4. I attended an inspection on board the vessel on July 25, 2023. At the time of my attendance, the vessel was located in the Port of Newark in Newark, New Jersey. Also in attendance were marine surveyors and forensic fire consultants acting for other interested parties.

5. The inspection on July 25 was dedicated to visually inspecting Decks 6-12, the Bridge, the Living Quarters, and the CO2 Room. During my inspection, I observed extensive fire damage in the Bridge, which was largely destroyed. I was

597012.1

also present while a laser scan was performed on the Vessel by other experts retained by AMS.

6.      I have reviewed the documents and data disclosed by the Owners thus far, which is limited to only the vessel's General Arrangement and the Fire Safety Plan, and in my opinion additional information is necessary to determine what other equipment or areas of the Vessel should be inspected prior to their condition being altered in the course of salvage and repair.  This is especially true of all documents, memoranda, logs, recordings, and/or other files, whether electronic or hard copy, recording the events preceding and subsequent to the fire, including fire suppression efforts, until the fire was extinguished. That information is imperative to identifying any malfunction in the Vessel's fixed or portable firefighting equipment, the efficacy of the Vessel's fire plan procedures, and evaluation of the Vessel's fire suppression system design.

7.      Furthermore, I have reviewed Exhibit 4 to AMS's Petition for Perpetuation of Evidence, which is titled "American Maritime Services of New York's Preliminary Document Request," and it is my opinion that the documents and data identified in Exhibit 4 should be preserved to assist my analysis regarding the Vessel's fixed or portable firefighting equipment, the fire plan procedures, and the fire suppression system design.

8.      Further, the documents and data identified in Exhibit 4 are necessary for me to identify particular locations or equipment on the Vessel that may be relevant to my analysis and need to be inspected before they are altered in the course of salvage and repair efforts.  On July 25 we were permitted to view the $CO_2$ Room, but this is but one component of a sophisticated system that spans much of the

Vessel. My ability to ascertain the effective design and operation of this particular Vessel's system depends on fully understanding all design features, operation and maintenance records, manuals, alarm data, and other information reflected in Exhibit 4. Without this information, there is a risk that not all areas and equipment on the Vessel will be inspected and documented prior to their alteration.

9.     Furthermore, it is imperative that I be permitted broad access to the Vessel in order to inspect and examine the decks affected by the fire and all items therein; the Bridge and other affected areas; and the vessel's fire suppression system, including all related control and alarm panels, activation sites, storage rooms, supply and distribution piping, and any other part or component of the system, prior to any alterations. Examples of such alterations include, but are not limited to, performing maintenance and repairs, conducting salvage operations, and/or performing any other activity that would potentially permanently alter the current physical condition of the vessel, any of its component parts, and/or any items contained therein. Performing physical examinations, inspections and/or testing of the current, unaltered condition of the vessel are essential to assist my work to determine the origin and cause of the fire, the effect of the onboard fire suppressing systems, and the manner in which the fire propagated through the Vessel.

10.    To complete an investigation into the casualty, the following specific items should also be preserved and/or made available for inspection, to the extent possible:

    a. Jeep Pusher vehicle involved in the fire;
    b. Toyota non-runner that was being pushed by the Jeep Pusher vehicle at the time of the fire;

597012.1

    c. Fire suppression systems aboard the vessel;

    d. Fire pumps;

    e. Fire hoses;

    f. Fire stations;

    g. Portable extinguishers;

    h. Firefighting locker and equipment stored therein, including any inventory made thereof;

    i. All other firefighting equipment including self-contained, breathing apparatus, fire suits;

    j. All fighting detection and suppression systems;

    k. All VDR, data panels, and any other data recorders;

    l. Smoke detectors;

    m. Smoke alarms;

    n. Heat detectors;

    o. Heat detecting systems;

    p. Heat detection alarms;

    q. Any system which records fire alarms, or sirens;

    r. Any other fire warnings;

    s. Any system which records or tracks the engagement or sounding off of smoke detectors or alarms; and

    t. Any system which records or tracks the engagement or sounding of or heat detectors or alarms.

11. In addition to the data, documents, and items requested, interviewing crewmembers is also an important element to any casualty investigation. The crew of the Vessel likely possess firsthand knowledge of the events surrounding the fire, including the origin and cause of the fire, as well as the attempts made to contain

597012.1

and extinguish it. These firsthand accounts of the fire and the Vessel's response to it not only inform and complement the requested documentary materials, but also allow investigators the opportunity to obtain information that is otherwise not available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 31st day of July, 2023 at New York, New York.

_____
Adam Goodman

597012.1